UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STONEY HARRISON,

                      Plaintiff,

        v.

BISHME NELSON,
B.J. GABEL,
KEVIN BROWN,
AHMED MUHAMMAD, and
STEWART ECKART,

                      Defendants.
_____

REPORT
and
RECOMMENDATION
-----------------------------
DECISION
and
ORDER

19-CV-151Si(F)

APPEARANCES:    STONEY HARRISON, *Pro se*
                      88T1745
                      Wende Correctional Facility
                      P.O. Box 1187
                      Alden, New York  14004-1187

                      LETITIA A. JAMES
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for Respondents
                      KATHLEEN M. KACZOR
                      Assistant Attorney General, of Counsel
                      350 Main Street
                      Suite 300A
                      Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on

April 13, 2020, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to dismiss filed April 10, 2020.[1]

## **BACKGROUND and FACTS**[2]

Plaintiff, an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), filed a complaint (Dkt. 1) commencing this action on January 28, 2019, and a motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. 2).  By Order filed November 14, 2019 (Dkt. 3), Plaintiff's motion to proceed IFP was granted, and Plaintiff's claims for money damages asserted against Defendants in their official capacities were dismissed with Plaintiff given 45 days to file an amended complaint, which Plaintiff filed on December 30, 2019 (Dkt. 4) ("Amended Complaint"). Plaintiff asserts against Defendants, employees of DOCCS, claims for violations of his First Amendment right to the free exercise of his religion and free speech, Fourteenth Amendment right to due process, and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.  On April 10, 2020, Defendants moved to dismiss the Amended Complaint (Dkt. 8) ("Defendants' Motion"), attaching the Memorandum of Law in Support of Defendants' Motion to Revoke Plaintiff's IFP Status, Dismiss Certain Claims, and Stay the Proceedings (Dkt. 8-1) ("Defendants' Memorandum"), and the Declaration of Assistant Attorney General ("AAG") Kathleen M. Kaczor ("AAG Kaczor") (Dkt. 8-2), with exhibits A through H.  On May 28, 2020, Plaintiff filed his Response (Dkt. 11) ("Plaintiff's Response").  On June 3,

---

[1] Although Defendants motion to dismiss is dispositive, because the undersigned is dismissing as moot that portion of the motion seeking revocation of Plaintiff's *pro se* status, *see* Discussion, *infra*, at 4, the court addresses the motion in this combined Report and Recommendation and Decision and Order.
[2] The Facts are taken from the pleadings and motion papers filed in this action.

2020, Defendants filed the Memorandum of Law in Reply to Plaintiff's Response to Defendants' Motion to Revoke Plaintiff's IFP Status and Dismiss Plaintiff's RLUIPA Claim Seeking Money Damages (Dkt. 12) ("Defendants' Reply"). On November 4, 2020, Plaintiff paid the court's filing fee.

Based on the following, Defendants' Motion is DISMISSED as moot as to the request to revoke Plaintiff's IFP status, and should be GRANTED insofar as Defendants seeks dismissal of Plaintiff's RLUIPA claim for lack of jurisdiction.

## DISCUSSION

1.  **IFP Status**

On November 14, 2019, Plaintiff's motion for permission to proceed IFP (Dkt. 2), was granted. Defendants' Motion seeks, in pertinent part, to revoke Plaintiff's IFP status based on Plaintiff's filing of filing three or more lawsuits, as a prisoner, that were dismissed as frivolous or malicious, or for failing to state a claim in violation of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) ("§ 1915(g)"). *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) ("Prisoner-plaintiffs who have accumulated three strikes are prohibited by the PLRA from bringing further actions or appeals *in forma pauperis*." (citing 28 U.S.C. § 1915(g)). In support of revoking Plaintiff's IFP status, Defendants list four prior actions Plaintiff commenced that were dismissed as frivolous or for failing to state a claim. Defendants' Memorandum at 5-8, and maintains Plaintiff cannot meet the "imminent danger" exception to dismissal which allows an inmate plaintiff to avoid the "three-strikes rule" where such plaintiff "is in 'imminent danger of serious physical injury.'" *Id*. at 8-9 (quoting *Lewis v. Miller*, 2019 WL 1557267, at *2 (N.D.N.Y. Apr. 10, 2019). In opposing Defendants' Motion on this

3

ground, Plaintiff urges the court not to revoke his IFP status and dismiss the instant action because Plaintiff's earlier cases that were dismissed as without merit should not count against Plaintiff because the cases were filed without the assistance of legal counsel such that Plaintiff did not understand what he was doing, Plaintiff's Response ¶¶ 3-8, 12, and the instant action is meritorious. *Id*. ¶¶ 9-10, 13.  In reply, Defendants reiterate that Plaintiff had more than three cases stricken as frivolous or without legal merit prior to filing the instant action, Defendants' Reply at 2-6, Plaintiff's argument that he is a lay person without legal training is irrelevant, *id*. at 6-7, whether the instant action is meritorious is irrelevant to whether Plaintiff previously filed at least three cases that were dismissed as frivolous, *id*. at 7-8, and that Plaintiff offers no excuse for failing to disclose his litigation history which would have established the dismissal of Plaintiff's earlier cases satisfies the requirements of § 1915(g), prohibiting Plaintiff from proceeding IFP and requiring dismissal of the instant action.  *Id*. at 8.

On February 12, 2021, however, Plaintiff paid the court's filing fee.  Accordingly, insofar as Defendants' Motion seeks to revoke Plaintiff's IFP status and to dismiss the Amended Complaint, Defendants' Motion is DISMISSED as moot.  *See*, *e.g.*, *Jackson v. Stack*, 2018 WL 6068176, at *3 (W.D.N.Y. Nov. 20, 2018) (dismissing defendants' motion to revoke the plaintiff's IFP status as moot after the plaintiff paid the court's filing fee), *report and recommendation adopted,* 2019 WL 1261176 (W.D.N.Y. Mar. 19, 2019).

Nevertheless, Defendants' alternative argument urging the court to dismiss the Amended Complaint because Plaintiff's answers on the form complaint misrepresented Plaintiff's litigation history which would have revealed Plaintiff was not eligible for IFP

4

status, Defendants' Reply at 8, is without merit.  In support of this argument, Defendants reference *Flemming v. Santamore*, 2016 WL 3221844, at * 2 (N.D.N.Y. June 9, 2016) ("*Flemming*"), for the proposition that Plaintiff's dishonest answers on the form complaint were a material misrepresentation to the court requiring dismissal of the Amended Complaint.  Defendants' reliance on *Flemming*, however, is inapposite because in *Flemming*, despite revoking the *pro se* inmate plaintiff's IFP status under § 1915(g), and noting the plaintiff's failure to correctly complete the portion of the form complaint pertaining to the inmate's litigation history, which would have revealed the plaintiff's ineligibility for IFP status, the court declined to dismiss the action on that basis.  *Flemming*, 2016 WL 3221844, at *3 (citing *Dolberry v. Silvernail*, 620 Fed.Appx. 34 (2d Cir. 2015) (reversing district court's *sua sponte* dismissal of the plaintiff's complaint for material misrepresentation of his litigation history)).  Similarly, in the instant case, the court does not recommend dismissing the action based on Plaintiff's misrepresenting his litigation history on the form complaint.

**2.    RLUIPA Claim**

Defendants argue Plaintiff's claims for money damages pursuant to the RLUIPA against Defendants in their individual capacities are barred by sovereign immunity. Defendants' Memorandum at 9-10 (citing cases).  In opposition, Plaintiff simply asserts his claim for money damages against Defendants "should not be denied," Plaintiff's Response ¶ 14, which Defendants construe as conceding that Plaintiff cannot obtain money damages on the RLUIPA claims as against Defendants in their individual capacities.  Defendants' Reply at 1-2.

Here, Plaintiff sues four Defendants, all DOCCS personnel, both in their official and individual capacities, seeking declaratory and injunctive relief as well as monetary damages. Amended Complaint at 2-3, 11-12. "[S]overeign immunity forecloses the availability of money damages as a remedy against states and state actors in their official capacities under RLUIPA . . . ." *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (citing *Sosamon v. Texas*, 563 U.S. 277, 293 (2011)). Nor does RULIPA "create a private right of action against state officials in their individual capacities." *Id*. at 146. Accordingly, Defendants' Motion should be GRANTED as to Plaintiff's RLUIPA claims seeking money damages against Defendants in their individual capacities, and with regard to all damage claims against Defendants in their official capacities, which claims should be DISMISSED.

## CONCLUSION

Based on the foregoing, Defendants' Motion (Dkt. 8), is DISMISSED as moot as to the request to revoke Plaintiff's IFP status, and should be GRANTED insofar as Defendants seeks dismissal of portions of Plaintiff's RLUIPA claims for lack of jurisdiction. Defendants are directed to file an answer to the Amended Complaint within 14 days of the date of this Report and Recommendation and Decision and Order as required by Fed.R.Civ.P. 12(a)(4)(A).

SO ORDERED, as to the dismissal
of Defendant's Motion as moot.


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Respectfully submitted, as to the dismissal of
Plaintiff's RLUIPA claim for lack of jurisdiction,


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	October 6th, 2021
	Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 6th, 2021
         Buffalo, New York