UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STONEY HARRISON,

      Plaintiff,

v.                                                    19-CV-151 (JLS) (LGF)

BISHME NELSON,
B. J. GABEL,
KEVIN BROWN,
AHMED MUHAMMAD, and
STEWART ECKERT,

      Defendants.
_____

### DECISION AND ORDER

*Pro se* Plaintiff Stoney Harrison, an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action against Defendants, all employees of DOCCS, on January 28, 2019, pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* Dkt. 1. Plaintiff alleges Defendants violated his First Amendment right to the free exercise of his religion and free speech, Fourteenth Amendment right to due process, and rights under the RLUIPA. Harrison also requested to proceed *in forma pauperis* ("IFP"), Dkt. 2, which was granted. On April 13, 2020, the Court referred this case to United States Magistrate Judge Leslie Foschio for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. Pursuant to the referral order, Judge Foschio was to

hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.*

Defendants moved to revoke Harrison's IFP status and dismiss his RLUIPA claims insofar as they request money damages. Dkt. 8. Harrison filed a response, Dkt. 11, and Defendants filed a reply. Dkt. 12. Harrison subsequently paid the filing fee.

On October 6, 2021, Judge Foschio issued a Report and Recommendation/Decision and Order ("R&R") that denied Defendants' Motion to revoke Harrison's IFP status as moot, and recommended that "Defendants' Motion should be GRANTED as to Plaintiff's RLUIPA claims seeking money damages against Defendants in their individual capacities, and with regard to all damage claims against Defendants in their official capacities, which claims should be DISMISSED." Dkt. 13, p. 6. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*,

791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R.

## CONCLUSION

For the reasons stated above, and in the R&R, Defendants' Motion is GRANTED as to Plaintiff's RLUIPA claims seeking money damages against Defendants in their individual capacities, and with regard to all damage claims against Defendants in their official capacities, which claims are DISMISSED. The case remains referred to Judge Foschio.

**SO ORDERED.**

Dated:   November 4, 2021
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE